PAK HEINZ PLLC
Noah Heinz (Bar No. 368281)
Noah.Heinz@pakheinz.com
Albert Pak (Bar No. 361123)
Albert.Pak@pakheinz.com
20 F St. NW, 7th Floor
Washington, D.C. 20001
Telephone: (202) 505-6354

*Attorneys for Plaintiffs and all
those similarly situated*

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| Andrew Garcia, Edward Heycock, Jason Mendoza, and John Salinas, on behalf of themselves and all others similarly situated, | Case No. 3:26-cv-6016 |
| | CLASS ACTION COMPLAINT |
| Plaintiffs, | |
| | JURY TRIAL DEMANDED |
| vs. | |
| Sony Interactive Entertainment, LLC, and Sony Corporation of America, | |
| Defendants. | |

## TABLE OF CONTENTS

**CLASS ACTION COMPLAINT** ........................................................................................1

**INTRODUCTION** ..............................................................................................................1

**PARTIES** ...........................................................................................................................2

      A.    PLAINTIFFS ..........................................................................................................2

      B.    DEFENDANTS ........................................................................................................3

**JURISDICTION AND VENUE** ........................................................................................4

**FACTUAL BACKGROUND** .............................................................................................5

      A.    CALIFORNIA ENACTED SECTION 17500.6 TO ADDRESS DECEPTIVE MARKETING OF DIGITAL GOODS AS "PURCHASES." ....................................5

      B.    CALIFORNIA'S FALSE ADVERTISING LAW PROHIBITS MISLEADING ADVERTISING TO CONSUMERS. .........................................................................6

      C.    CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT PROTECTS CONSUMERS FROM DECEPTIVE PRACTICES IN THE SALE OF GOODS. ...............................7

      D.    PLAYSTATION MARKETS DIGITAL GAMES TO CONSUMERS AS PRODUCTS THEY CAN "BUY" AND "PURCHASE." .......................................................7

      E.    PLAYSTATION DOES NOT SELL DIGITAL GAMES BUT GRANTS ONLY LIMITED AND REVOCABLE LICENSES. .......................................................8

      F.    PLAYSTATION FAILS TO CLEARLY AND CONSPICUOUSLY DISCLOSE THAT CONSUMERS ARE PURCHASING ONLY A LICENSE. .......................................9

      G.    PLAYSTATION DOES NOT REQUIRE CONSUMERS TO AFFIRMATIVELY ACKNOWLEDGE THAT THEY ARE OBTAINING ONLY A LICENSE. .................9

      H.    PLAYSTATION'S PURCHASE INTERFACE MISLEADS CONSUMERS ABOUT THEIR DIGITAL GAME PURCHASES. ..........................................................10

      I.    PLAYSTATION'S CONDUCT VIOLATES CALIFORNIA LAW GOVERNING THE SALE OF DIGITAL GOODS. .................................................................10

**CLASS ALLEGATIONS** .................................................................................................11

**COUNT I** ..........................................................................................................................14

**COUNT II** ........................................................................................................................16

**COUNT III** .......................................................................................................................18

**PRAYER FOR RELIEF** ...................................................................................................19

**JURY DEMAND** ..............................................................................................................20

## CLASS ACTION COMPLAINT

Plaintiffs Andrew Garcia, Edward Heycock, Jason Mendoza, and John Salinas (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Defendants Sony Interactive Entertainment, LLC, and Sony Corporation of America (collectively, "PlayStation" or "Defendants") and allege as follows:

## INTRODUCTION

1. PlayStation operates one of the largest digital gaming marketplaces in the world through its PlayStation Store, where consumers can acquire digital video games for use on PlayStation consoles. The platform is operated by Sony Interactive Entertainment, LLC, a subsidiary of Sony Corporation of America.

2. Through the PlayStation Store, Defendants prominently use ownership language such as "Buy Now" and "Confirm Purchase" to induce consumers to complete transactions for digital games.

3. In reality, consumers who "purchase" digital games through PlayStation do not obtain ownership of those products. Instead, PlayStation grants only a limited, revocable license to access the software, subject to multiple restrictions contained in a separate Software Product License Agreement.

4. PlayStation fails to clearly and conspicuously disclose to consumers at the point of sale that these transactions do not convey ownership of the digital games. PlayStation relegates this information to inconspicuous text or separate agreements that consumers are not required to affirmatively acknowledge.

5. As a result, reasonable consumers are misled into believing that purchasing a digital game through PlayStation confers an unrestricted ownership interest, when in fact the transaction merely grants a limited license that may be restricted or revoked.

6. This conduct violates California Business and Professions Code § 17500.6, which prohibits sellers from advertising digital goods using terms such as "buy" or "purchase" unless the seller clearly and conspicuously discloses that the transaction is

only a license or obtains proper express consumer acknowledgement. Plaintiffs seek compensatory damages, injunctive relief, reasonable attorneys' fees, and costs.

## PARTIES

### A.   Plaintiffs

7.   Plaintiff Andrew Garcia, a California resident, has spent hundreds of dollars on PlayStation digital goods over the past few years.

8.   Recent purchases include NBA 2k25 Standard Edition on March 27, 2025, for $20.99, NBA 2k26 on August 11, 2025, for $65.99, and EA Sports Madden NFL 26 on August 11, 2025, for $69.99.  Mr. Garcia was not aware that the games he purchased were only a revocable license, leading him to pay more than he otherwise would have paid, depriving him of the benefit of the bargain.

9.   Plaintiff Edward Heycock, a California resident, has spent hundreds of dollars on PlayStation digital goods over the past few years.

10.   Recent purchases include Resident Evil Requiem on February 25, 2026, for $69.99.  Mr. Heycock was not aware that the games he purchased were only a revocable license, leading him to pay more than he otherwise would have paid, depriving him of the benefit of the bargain.

11.   Plaintiff Jason Mendoza, a California resident, has spent hundreds of dollars on PlayStation digital goods over the past few years.

12.   Recent purchases include Resident Evil Requiem on February 14, 2026, for $69.99, God of War Sons of Sparta on February 14, 2026, for $29.99, and many others. Mr. Mendoza was not aware that the games he purchased were only a revocable license, leading him to pay more than he otherwise would have paid, depriving him of the benefit of the bargain.

13.   Plaintiff John Salinas, a California resident, has spent hundreds of dollars on PlayStation digital goods over the past few years.

14.   Recent purchases include Five Nights at Freddy's 4 on January 2, 2026, for $7.99, Puppet Combo Collection 1 on January 2, 2026, for $17.99, and many others.

2
CLASS ACTION COMPLAINT

Mr. Salinas was not aware that the games he purchased were only a revocable license, leading him to pay more than he otherwise would have paid, depriving him of the benefit of the bargain.

**B.    Defendants**

15.    Defendant Sony Corporation of America ("Sony") is a subsidiary of Sony Group Corporation, which is a multinational corporation organized under the laws of Japan with its principal place of business in Tokyo, Japan.

16.    Defendant Sony Corporation of America is a New York corporation with a principal place of business in New York, New York.  It is therefore a citizen of New York.

17.    Defendant Sony Interactive Entertainment LLC ("SIE") is a California entity with a registered agent at CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.  SIE is a wholly owned subsidiary of Sony Group Corporation via intermediate holding companies.  SIE is responsible for the PlayStation brand in the United States.

18.    Defendant Sony Corporation of America is SIE's sole member.  Therefore, SIE is a citizen of New York.

19.    Sony is the parent company of the PlayStation business and owns and controls SIE, the entity principally responsible for operating the PlayStation platform and related digital storefronts.

20.    SIE develops, operates, and maintains the PlayStation platform, including PlayStation consoles, the PlayStation Network, and the PlayStation Store through which consumers acquire digital video games and other digital goods.

21.    Through the PlayStation Store, Defendants market, advertise, and sell digital video games to consumers, including by using terms such as "Buy Now," "Purchase," and "Confirm Purchase" in connection with digital game transactions.

22.    Defendants jointly draft and enforce the PlayStation Terms of Service and the Software Product License Agreement, which govern the licensing terms for digital

games and other digital content acquired through the PlayStation Store.

23. Defendants design and control the digital purchasing interface used by consumers on the PlayStation Store, including the checkout process, purchase confirmations, and the disclosures relating to whether digital goods are sold or licensed.

24. Defendants acted in concert in designing, implementing, marketing, and maintaining the PlayStation Store and its digital purchasing system, including the representations and omissions concerning the nature of consumers' interests in digital games purchased through the platform.

### JURISDICTION AND VENUE

25. This case arises under California Business and Professions Code § 17500.6, § 17500 et seq., and California Civil Code § 1750 et seq.

26. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because (1) there are 100 or more class members; (2) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) at least one member of the class is of diverse citizenship from at least one Defendant.

27. Specifically, PlayStation is one of the most popular gaming consoles in the world. Millions of individuals purchase PlayStation games. Many tens of thousands of those consumers, at minimum, are in California.

28. Plaintiffs are California citizens, and SIE and Sony are both New York citizens.

29. This Court has personal jurisdiction over SIE because: (1) it maintains its principal place of business in San Mateo, California; (2) it operates and controls the PlayStation Store through which digital video games are marketed and sold to consumers; and (3) it directs, controls, and participates in the design and operation of the digital purchasing interface and related consumer disclosures at issue.

30. This Court has personal jurisdiction over Sony because: (1) it is the parent company of SIE; (2) it directs and benefits from the PlayStation gaming ecosystem and

CLASS ACTION COMPLAINT

related digital commerce; and (3) it purposefully directs business activities toward consumers in California through the PlayStation platform and its subsidiaries.

31. Defendants have purposefully availed themselves of the privilege of conducting business in California by designing, operating, and controlling the PlayStation Store and by marketing and selling digital video games to consumers through that platform.

32. Venue is proper in this district because Defendants conduct substantial business here and SIE's principal place of business is in San Mateo.

33. Divisional assignment is proper in either San Francisco or Oakland because Defendant SIE's principal place of business is in San Mateo.

### FACTUAL BACKGROUND

**A. California Enacted Section 17500.6 to Address Deceptive Marketing of Digital Goods as "Purchases."**

34. California enacted Business and Professions Code § 17500.6 in response to the growing use of digital marketplaces to distribute media and software under license-based models that diverge from consumers' traditional expectations of ownership.

35. The Legislature recognized that, in digital transactions, consumers are frequently told they are "buying" or "purchasing" content, even though the underlying transaction conveys only a limited, revocable license subject to extensive restrictions and termination rights.

36. The statute was designed to address a specific form of deception: where a seller uses ownership-based terminology at the point of sale, while reserving the right to revoke access, modify the product, or terminate availability altogether.

37. In enacting § 17500.6, lawmakers sought to ensure that consumers are not misled into paying full purchase prices for digital goods under the mistaken belief that they are acquiring permanent ownership interests comparable to physical goods.

38. Section 17500.6 was intended to require clear and conspicuous disclosures at or before the point of purchase when a transaction does not confer ownership, and to

prohibit businesses from using misleading purchase language without illuminating the limited nature of the consumer's rights.

39. Defendants' conduct falls within the concerns that motivated § 17500.6. Defendants market digital games using terms such as "buy" and "purchase," while the governing agreements provide only a limited, non-transferable license that may be modified, restricted, or terminated at Defendants' discretion.

40. By failing to clearly disclose these material limitations at the point of sale, Defendants undermine the very transparency requirements that the statute was enacted to impose and perpetuate the consumer misunderstanding the statute was designed to eliminate.

**B. California's False Advertising Law Prohibits Misleading Advertising to Consumers.**

41. California's False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500 et seq., was enacted to protect consumers from deceptive, misleading, and unfair advertising practices.

42. The statute broadly prohibits businesses from making or disseminating statements in connection with the sale of goods or services that are untrue or misleading, including statements that are misleading by omission.

43. The Legislature enacted the FAL to ensure that consumers receive accurate and truthful information at the point of sale so that they can make informed purchasing decisions. The statute is intended to deter businesses from using advertising practices that create false impressions about the nature or characteristics of a product.

44. Under the FAL, advertising is unlawful not only when it is expressly false, but also when it has the capacity, likelihood, or tendency to deceive reasonable consumers.

45. Defendants' use of ownership-based terms such as "buy" and "purchase," while failing to disclose the limited and revocable characteristics of the license being conveyed, is the type of misleading advertising practice that the FAL was enacted to

prohibit.

**C.     California's Consumer Legal Remedies Act Protects Consumers from Deceptive Practices in the Sale of Goods.**

46.     California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 et seq., was enacted to protect consumers against unfair methods of competition and unfair or deceptive acts or practices in transactions for the sale of goods or services.

47.     The CLRA specifically prohibits practices such as misrepresenting the characteristics or benefits of goods, advertising goods with the intent not to sell them as advertised, and representing that a transaction confers rights or obligations that it does not have.

48.     The Legislature enacted the CLRA to provide consumers with effective protection against deceptive business practices and to promote transparency and fairness in consumer transactions.

**D.     PlayStation Markets Digital Games to Consumers as Products They Can "Buy" and "Purchase."**

49.     Defendants operate the PlayStation gaming ecosystem, which includes PlayStation consoles, online services, and a digital marketplace known as the PlayStation Store.

50.     Through the PlayStation Store, Defendants distribute digital video games and other digital goods directly to consumers.

51.     Digital games offered through the PlayStation Store constitute "digital goods," including digital applications and digital games.

52.     Defendants advertise and offer these digital goods to consumers using ownership-oriented language.  For example, the PlayStation Store prominently displays options labeled "Buy Now," "Purchase," and "Confirm Purchase."

53.     Representations such as these communicate to reasonable consumers that they are purchasing and owning a digital product.  This language mirrors the terminology traditionally used when consumers purchase and obtain ownership of physical goods.

CLASS ACTION COMPLAINT

Defendants' marketing and purchasing interface therefore conveys to consumers that they are acquiring ownership of a digital video game.

54.    Defendants use these representations to induce consumers to complete digital transactions on the PlayStation Store.  Millions of consumers purchase digital video games through the PlayStation Store each year in reliance on Defendants' representations.

**E.    PlayStation Does Not Sell Digital Games but Grants Only Limited and Revocable Licenses.**

55.    Despite representing digital games as products consumers can "buy" or "purchase," Defendants do not transfer ownership of those games.  Instead, consumers who purchase digital games through the PlayStation Store receive only a limited license to access and use the software.

56.    This license is governed by PlayStation's Software Product License Agreement.  The License Agreement expressly provides that the software is "licensed to you, not sold."  This Agreement further provides that the license granted to consumers is limited and non-exclusive.

57.    Consumers therefore do not acquire an ownership interest in the digital game they purchase.  Consumers' access to the game is subject to the conditions and restrictions imposed by Defendants.

58.    Defendants grant a limited, non-exclusive, revocable license subject to contractual restrictions.  The License Agreement provides that consumers may not rent, lease, sublicense, copy, publicly perform, or distribute the software, and may not modify, reverse engineer, decompile, or create derivative works from it.  Consumers' ability to access digital games may also depend on the continued availability of the PlayStation platform.

59.    Despite these significant limitations, Defendants continue to market digital games using ownership-based terminology.

**F.      PlayStation Fails to Clearly and Conspicuously Disclose That Consumers Are Purchasing Only a License.**

60.      Defendants fail to provide a clear and conspicuous disclosure informing consumers that digital games are licensed rather than sold.  Instead, PlayStation refers to the relevant licensing disclosure in inconspicuous text within the purchasing interface.

61.      When a consumer proceeds to checkout, the PlayStation Store displays a purchase confirmation screen.  The screen prominently displays a button labeled "Confirm Purchase."  Selecting this button finalizes the transaction and charges the consumer's payment method.

62.      Above the "Confirm Purchase" button, PlayStation includes a brief disclosure referencing the Software Product License Agreement.  This disclosure states that the consumer's purchase of the digital product amounts to a license subject to the License Agreement.

63.      The disclosure appears in comparatively small text relative to other portions of the interface.  The disclosure is not visually highlighted or otherwise designed to draw the consumer's attention.  Instead, it appears as ordinary text with no special designation within the checkout interface.

64.      A reasonable consumer completing a purchase would not necessarily notice this disclosure.  As a result, the disclosure fails to clearly call attention to the fact that consumers are not obtaining ownership of the digital game.  The disclosure therefore fails to meet the "clear and conspicuous" standard required by California law.

**G.      PlayStation Does Not Require Consumers to Affirmatively Acknowledge That They Are Obtaining Only a License.**

65.      Defendants also fail to obtain an affirmative acknowledgement from consumers that their purchase constitutes a license.

66.      PlayStation does not require consumers to check a box acknowledging that they are purchasing only a license.  Consumers are not required to separately confirm that they understand the limitations associated with the license.

9
CLASS ACTION COMPLAINT

67. Instead, the disclosure is incorporated into the "Confirm Purchase" button. In other words, it is not separate at all from the purchase itself.

68. As a result, consumers complete purchases without ever affirmatively acknowledging the licensing terms. The licensing disclosure is therefore not distinct and separate from other transaction terms.

69. Consumers are not provided with a meaningful opportunity to understand the limitations of the license before completing their purchase.

**H.  PlayStation's Purchase Interface Misleads Consumers About Their Digital Game Purchases.**

70. Defendants control every aspect of the PlayStation Store purchasing interface. This includes the design, language, and disclosures presented to consumers during a transaction.

71. The interface emphasizes the ability to "buy" or "purchase" digital games. At the same time, Defendants obscure the fact that consumers receive only a limited license.

72. Reasonable consumers viewing the PlayStation Store would understand that they are purchasing a digital product. Consumers would not understand that their purchase conveys only a restricted license.

73. Defendants' failure to clearly disclose the licensing nature of these transactions created a misleading impression regarding the rights consumers obtain. This misleading impression is material to consumers deciding whether to purchase a digital game.

74. Had consumers known that they were not obtaining absolute ownership of the game, they may have made different purchasing decisions.

**I.  PlayStation's Conduct Violates California Law Governing the Sale of Digital Goods.**

75. California law prohibits sellers from advertising digital goods using terms such as "buy" or "purchase" when consumers receive only a license.

76. The law permits such terminology only when the seller provides certain disclosures. Sellers must either obtain an affirmative acknowledgement from the purchaser regarding the license or provide a clear and conspicuous disclosure explaining that the transaction is a license. Defendants have failed to comply with either requirement.

77. Defendants do not obtain an affirmative acknowledgement from consumers that they are receiving only a license.

78. Defendants also fail to provide a clear and conspicuous disclosure explaining that the transaction does not convey ownership.

79. Instead, Defendants continue to advertise digital games using ownership-based language such as "buy" and "purchase."

80. Defendants' conduct therefore violates California Business and Professions Code § 17500.6. As a result of Defendants' conduct, consumers have been misled regarding the nature of their digital game purchases.

81. Defendants have profited from these misleading practices through the sale of digital games on the PlayStation Store.

82. Plaintiffs and members of the proposed class were injured by Defendants' unlawful and deceptive conduct.

## CLASS ALLEGATIONS

83. This action is properly maintainable as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Rule 23").

84. This action is properly maintainable pursuant to Rule 23 because common questions of law and fact predominate over any questions affecting only individual class members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

85. Plaintiffs seek certification of the following California class (the "Purchaser Class"), consisting of the following individuals:

All persons residing in California who purchased digital video games through the

PlayStation Store after the effective date of § 17500.6 who saw Defendants' representations such as "Buy," "Buy Now," or "Confirm Purchase," but who received only a revocable license to a digital good (including a digital game).

86.    Plaintiffs explicitly reserve the right to amend, add to, modify, and/or otherwise change the proposed class definition as discovery in this action progresses.

87.    The following people are excluded from the Purchaser Class: (1) any Judge or Magistrate Judge presiding over this action, members of their staffs (including judicial clerks), and members of their families; (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and their current or former employees, officers, or directors; (3) employees, officers, and attorneys for Defendants, including Defendants' counsel, and non-attorney employees of their firms; (4) persons who properly execute and file a timely request for exclusion from the Purchaser Class; (5) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; and (6) the legal representatives, successors, and assigns of any such excluded persons.

88.    Defendants' deceptive practices violated each class member's statutory right to be free from misleading and deceptive practices in connection with the purchase of digital goods.

89.    Defendants' unlawful conduct has resulted in injury to members of the Purchaser Class by causing them to purchase digital video games under the misleading impression that they were obtaining ownership of those games, when in fact they receive only a limited license to access the software.

90.    **Numerosity**.  The PlayStation Store is one of the largest digital video game marketplaces in the world and facilitates the sale of millions of digital games each year. During the relevant class period, Defendants sold digital games to a vast number of consumers through the PlayStation Store using the purchasing interface described above. The Purchaser Class therefore includes thousands, if not millions, of consumers, making joinder of all members impracticable.

91.    **Commonality**.  The Purchaser Class presents common questions of law and fact.    These common questions include, but are not limited to: (1) whether Defendants advertised digital games using terms such as "buy" or "purchase"; (2) whether Defendants disclosed that digital games were licensed rather than sold; (3) whether such disclosures were clear and conspicuous; (4) whether Defendants required consumers to affirmatively acknowledge that they were receiving only a license; (5) whether Defendants' representations and omissions regarding digital game purchases were misleading to reasonable consumers; (6) whether Defendants' conduct violated California Business and Professions Code § 17500.6.

92.    **Predominance**.    These common issues predominate over any individualized issues because Defendants' liability arises from uniform representations and omissions made through the PlayStation Store purchasing interface, which was presented to all consumers in materially the same manner.

93.    **Typicality**.  Plaintiffs' claims are typical of the claims that could be asserted by all members of the Purchaser Class.  Plaintiffs and the members of the Purchaser Class were exposed to the same purchasing interface and misleading representations used by Defendants and were injured in the same manner by Defendants' conduct.

94.    **Adequacy**.  Plaintiffs will adequately represent the interests of those class members because there are no conflicts between Plaintiffs and absent class members, and because Plaintiffs' counsel has the experience and skill to zealously advocate for the interests of the members of the Purchaser Class.

95.    **Superiority**.  There are substantial benefits to proceeding as a class action that render proceeding as a class action superior to any alternatives, including that it will provide a realistic means for members of the Purchaser Class to recover damages; the damages suffered by members of the Purchaser Class may be relatively small; it would be substantially less burdensome on the courts and the parties than numerous individual proceedings; many members of the Purchaser Class may be unaware that they have legal

recourse for the alleged conduct; and because issues common to members of the Purchaser Class can be most effectively managed in a single proceeding.

96.    Plaintiffs reserve the right to revise each of the foregoing allegations based on facts learned through additional investigation and in discovery.

## COUNT I

### Violation of California Business and Professions Code § 17500.6

### On Behalf of the Purchaser Class

97.    The allegations of Paragraphs 1 through 96 are re-alleged as if fully set forth herein.

98.    Plaintiffs, on behalf of the proposed Class, bring this count against Defendants under California Business & Professions Code § 17500.6.

99.    Defendants are sellers of "digital goods," including digital video games, which are distributed through the PlayStation Store. Cal. Bus. & Prof. Code § 17500.6(a).

100.    Defendants engage in trade and commerce by advertising, marketing, and selling digital video games to consumers through the PlayStation platform and the PlayStation Store. Cal. Bus. & Prof. Code § 17500.6(a).

101.    Section 17500.6(b) prohibits a seller of a digital good from advertising or offering a digital good for sale using the terms "buy," "purchase," or other language that a reasonable consumer would understand to confer an unrestricted ownership interest in the digital good, unless the seller complies with the statute's disclosure requirements. Cal. Bus. & Prof. Code § 17500.6(b).

102.    Defendants advertise and offer digital video games for sale through the PlayStation Store using ownership-oriented language such as "Buy Now," "Purchase," and "Confirm Purchase." Cal. Bus. & Prof. Code § 17500.6(b).

103.    These representations communicate to reasonable consumers that they are acquiring an ownership interest in the digital goods, rather than a limited license.

104.    Section 17500.6(b)(1) requires sellers to provide a clear and conspicuous

statement, before completion of the transaction, that the consumer is purchasing a license to access the digital good, not acquiring ownership of the digital good.

105. In reality, Defendants do not sell digital video games to consumers, but only a limited, non-exclusive license to access and use the software.

106. Defendants fail to provide a clear and conspicuous disclosure informing consumers that their purchase constitutes only a license to access the digital games. Cal. Bus. & Prof. Code § 17500.6(b)(1).

107. Section 17500.6(b)(1)(A) requires sellers to obtain the consumer's affirmative acknowledgement that the consumer is purchasing a license and not obtaining ownership of the digital good.

108. Defendants do not obtain any affirmative acknowledgement from consumers that they are receiving only a license rather than ownership. Cal. Bus. & Prof. Code § 17500.6(b)(1)(A). Defendants bury licensing disclosures within inconspicuous text that appears in smaller font and is embedded within other terms of the transaction. *Id.*

109. Section 17500.6(b)(1)(A)(iii) requires sellers to clearly and conspicuously disclose that access to the digital good may be unilaterally revoked if the seller no longer has the right to provide the digital good, where applicable. Cal. Bus. & Prof. Code § 17500.6(b)(1)(A)(iii).

110. Defendants provide digital games pursuant to a revocable license and reserve the right to modify, restrict, or discontinue access to the software and associated service.

111. Despite these limitations, Defendants fail to clearly and conspicuously disclose, prior to purchase, that consumers' access to digital games may be unilaterally revoked. Cal. Bus. & Prof. Code § 17500.6(b)(1)(A)(iii).

112. This omission is material because the risk that access may be revoked contradicts reasonable consumer expectations associated with a "purchase," which implies continuous access to the product.

113. As a result, reasonable consumers are misled into believing that purchasing a digital game through the PlayStation Store conveys an ownership interest in that game.

114. Defendants' conduct violates Cal. Bus. & Prof. Code § 17500.6.

115. Members of the Purchaser Class suffered injury as a result of Defendants' unlawful conduct, including by purchasing digital video games under the misleading belief that they were obtaining ownership of the games rather than a limited license.

116. Defendants' conduct was willful, knowing, and part of a systematic practice of advertising digital games using ownership-based terminology without providing the disclosures required by California law.

117. Plaintiffs complied with all applicable pre-suit notice requirements prior to filing this action.

## COUNT II

### Violation of California False Advertising Law

### Cal. Bus. & Prof. Code § 17500, et seq.

118. The allegations of Paragraphs 1 through 117 are re-alleged as if fully set forth herein.

119. Plaintiffs, on behalf of the proposed Purchaser Class, bring this count against Defendants under California Business & Professions Code § 17500.

120. California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq., makes it unlawful for any person to make or disseminate, or cause to be made or disseminated, before the public in this state, in any advertising device or in any other manner, including over the internet, any statement concerning property or services that is untrue or misleading and that is known, or by the exercise of reasonable care should be known, to be untrue or misleading.

121. Defendants committed acts of false advertising, as defined by § 17500, by intentionally making and disseminating statements to consumers in California and the general public concerning their digital video games, as well as the nature of the rights conveyed by those products, which are untrue and misleading on their face and by

omissions, and which were known by Defendants to be untrue or misleading.

122. Defendants' statements include, but are not limited to, representations and omissions that caused consumers to reasonably believe that digital video games offered through the PlayStation Store conveyed an ownership interest. Defendants offer digital games for sale using the terms "Buy," "Buy Now," and "Confirm Purchase," as alleged herein.

123. These representations are misleading because Defendants do not sell video games but instead grant consumers only a limited, non-exclusive, revocable license subject to significant restrictions and potential termination.

124. Defendants further mislead consumers by failing to clearly and conspicuously disclose these material limitations at the point of sale. Instead, Defendants bury licensing disclosures within inconspicuous text that appears in smaller font, is embedded within dense contractual provisions, and is accessible only through hyperlinks or agreements that reasonable consumers are unlikely to review prior to purchase.

125. Defendants' actions in violation of the FAL were false and misleading such that the general public is and was likely to be deceived.

126. Plaintiffs were deceived by Defendants' statements and omissions when they purchased digital games through the PlayStation Store, and there is a strong probability that other consumers were also deceived. Reasonable consumers would be misled by Defendants' representations and omissions regarding the nature of the transaction.

127. Plaintiffs did not learn that they were receiving only a limited, revocable license until after completing their purchase and reviewing Defendants' license agreements, if at all. They relied on Defendants' misleading representations to their detriment.

128. Plaintiffs lost money or property as a result of Defendants' FAL violation because they would not have purchased the digital games, or would not have purchased

them on the same terms, had the true facts been disclosed.

## COUNT III

### Violation of California Consumer Legal Remedies Act

### Cal. Civ. Code § 1750 et seq.

129. The allegations of Paragraphs 1 through 128 are re-alleged as if fully set forth herein.

130. Plaintiffs, on behalf of the proposed Purchaser Class, bring this count against Defendants under the California Consumer Legal Remedies Act. Cal. Civ. Code § 1750 et seq.

131. Defendants' digital video games constitute "goods" within the meaning of Cal. Civ. Code § 1761(a).

132. Defendants are "persons" within the meaning of Cal. Civ. Code § 1761(c).

133. Plaintiffs are "consumers" within the meaning of Cal. Civ. Code § 1761(d) because they purchased digital video games for personal, family, or household use.

134. Plaintiffs' purchases constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

135. The conduct alleged constitutes unfair methods of competition and unfair or deceptive acts or practices undertaken by Defendants in transactions intended to result in, and which did result in, the sale of goods to consumers.

136. Defendants violated Section 1770(a)(5) by representing that goods have characteristics or benefits which they do not have, such as representing that digital games are owned when they are in fact licensed.

137. Defendants violated Section 1770(a)(9) by advertising goods with intent not to sell them as advertised by marketing digital games as purchases while providing only limited licenses.

138. Defendants violated Section 1770(a)(14) by representing that a transaction confers rights or obligations which it does not have, such as by representing that consumers obtain ownership rather than a revocable license.

139.  Defendants' practices, acts, and course of conduct were intended to and did result in the sale of digital video games to Plaintiffs under misleading terms.

140.  Plaintiffs seek injunctive relief for Defendants' violation of the CLRA, as well as damages, costs, fees, and any other available relief.

141.  On April 21, 2026, and again on May 11, 2026, Plaintiffs (through counsel) sent CLRA demand letters to Defendants' addresses via certified mail with return receipt requested that provided notice of Defendants' violation of the CLRA and demanded that Defendants correct the unlawful, unfair, false, and deceptive practices alleged herein.

142.  The letter expressly stated that it was sent on behalf of Plaintiffs and "all other persons similarly situated."

143.  Defendants did not respond to the letter.

**PRAYER FOR RELIEF**

144.  WHEREFORE, Plaintiffs, on behalf of the proposed Purchaser Class, pray for judgment against Defendants and respectfully request that the Court grant the following relief:

145.  Repayment by Defendants, to each member of the Purchaser Class including Plaintiffs, of actual damages consisting of amounts paid by class members for digital video games that were advertised and sold without the disclosures required under Cal. Bus. & Prof. Code § 17500.6 and Cal. Civ. Code § 1770(a), or such amounts of actual damages that will be proven at trial.

146.  Award restitution and disgorgement of all revenues, profits, or other financial benefits that Defendants obtained as a result of their unlawful conduct.

147.  Award statutory and actual damages to Plaintiffs and members of the Purchaser Class under Cal. Civ. Code § 1780(a).

148.  Require payment of prejudgment and post-judgment interest on all amounts awarded to members of the Purchaser Class.

149.  Award reasonable attorneys' fees and costs.

150.  Grant injunctive relief prohibiting Defendants from resuming their

unlawful practices.

151.   Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

152.   Plaintiffs demand a trial by jury.

Dated: June 18, 2026                    Respectfully submitted,

By: */s/ Noah Heinz*
Noah Heinz
Albert Pak
PAK HEINZ PLLC
20 F Street N.W., 7th Floor
Washington, D.C. 20001
Tel.: (202) 505-6354
Email: noah.heinz@pakheinz.com
Email: albert.pak@pakheinz.com
*Counsel for Plaintiffs*

20
CLASS ACTION COMPLAINT