# Exhibit 1

CONSUMER

# Consumer

## Arbitration Rules and Mediation Procedures

American Arbitration Association®

Available online at **adr.org**
Rules Amended and Effective May 1, 2025

If you would like to speak to a member of the AAA® consumer team, please visit **www.adr.org.**

# Table of Contents


About the American Arbitration Association® . . . 6

Consumer Arbitration Rules . . . 6

R-1. Applicable Rules of Arbitration . . . 6
R-2. Judicial Intervention . . . 7
R-3. AAA Authority and Delegation of Duties . . . 8
R-4. Filing Requirements and Procedures . . . 8
R-5. Answers and Counterclaims . . . 10
R-6. Changes of Claim . . . 11
R-7. Jurisdiction . . . 11
R-8. Interpretation and Application of Rules . . . 11
R-9. Small Claims Option for the Parties . . . 11
R-10. Declining or Ceasing Administration . . . 12
R-11. Mediation . . . 12
R-12. Business Notification and Publicly Accessible Consumer Clause Registry . . . 13
R-13. Administrative Conference with the AAA . . . 14
R-14. Fixing of Locale . . . 14
R-15. Number and Appointment of Neutral Arbitrators . . . 14
R-16. Disclosures . . . 15
R-17. Disqualification of Arbitrator . . . 15
R-18. Vacancies . . . 15
R-19. Preliminary Hearing . . . 16
R-20. Exchange of Information . . . 16
R-21. Enforcement Powers of Arbitrator . . . 17
R-22. Date, Time, Place, and Method of Hearing . . . 17
R-23. Attendance at Hearings . . . 18
R-24. Representation . . . 18
R-25. Oaths . . . 18
R-26. Official Record of Proceedings . . . 19
R-27. Interpreters . . . 19
R-28. Extensions of Time and Postponements . . . 19
R-29. Arbitration in the Absence of a Party or Representative . . . 19
R-30. Conduct of Proceedings . . . 20
R-31. Motions . . . 20

R-32. Evidence . . . 20
R-33. Written Statements and Post-Hearing Evidence . . . 21
R-34. Inspection or Investigation . . . 21
R-35. Interim Measures . . . 21
R-36. Documents-Only Procedure . . . 22
R-37. Closing of Hearing . . . 22
R-38. Reopening of Hearing . . . 22
R-39. Waiver of Rules . . . 23
R-40. Serving of Notice . . . 23
R-41. Communications . . . 23
R-42. Confidentiality . . . 23
R-43. Majority Decision . . . 24
R-44. Time of Award . . . 24
R-45. Form of Award . . . 24
R-46. Scope of Award . . . 24
R-47. Award upon Settlement . . . 25
R-48. Delivery of Award to Parties . . . 25
R-49. Modification of Award . . . 25
R-50. Release of Documents . . . 26
R-51. Applications to Court and Exclusion of Liability . . . 26
R-52. Administrative Fees . . . 26
R-53. Neutral Arbitrator's Compensation . . . 26
R-54. Expenses . . . 27
R-55. Deposits . . . 27
R-56. Remedies for Nonpayment . . . 27
R-57. Sanctions . . . 28
R-58. Appeals . . . 28

Procedures for the Resolution of Disputes through Document Submission . . . 29
D-1. Applicability . . . 29
D-2. Preliminary Hearing . . . 29
D-3. Time of Award . . . 29

Administrative Fees for Consumer Arbitration Cases . . . 30

Consumer Mediation Procedures . . . . . 30
M-1. Agreement of the Parties . . . . . 30
M-2. Initiation of Mediation . . . . . 30
M-3. Representation . . . . . 31
M-4. Selection of the Mediator . . . . . 31
M-5. Mediator's Impartiality and Duty to Disclose . . . . . 31
M-6. Vacancies . . . . . 32
M-7. Duties and Responsibilities of the Mediator . . . . . 32
M-8. Responsibilities of the Parties . . . . . 33
M-9. Privacy . . . . . 33
M-10. Confidentiality . . . . . 33
M-11. No Written Record . . . . . 34
M-12. Termination of Mediation . . . . . 34
M-13. Exclusion of Liability . . . . . 34
M-14. Interpretation and Application of Procedures . . . . . 35
M-15. Deposits . . . . . 35
M-16. Expenses . . . . . 35
M-17. Costs of Mediation . . . . . 35

# Consumer Arbitration Rules and Mediation Procedures

## About the American Arbitration Association

Trusted by businesses and individuals worldwide, the American Arbitration Association (AAA®) provides alternative dispute resolution (ADR), a generally faster and more cost-effective alternative to litigation. Backed by AAA's decades of experience, our impartial arbitrators and mediators help resolve disputes of all sizes—from straightforward cases to complex challenges.

As a not-for-profit organization, the AAA is committed to delivering fair, efficient, and tailored processes while upholding the highest standards of neutrality and integrity. A broad range of perspectives strengthens the ADR process. Since the 1960s, we've taken active steps to expand the pool of qualified arbitrators and mediators to better reflect the varied backgrounds and experiences across society. This ongoing effort allows us to provide our services that are fair, responsive, representative, and aligned with the communities we serve.

## Consumer Arbitration Rules

### R-1. Applicable Rules of Arbitration

**(a)** The parties shall be deemed to have made the Consumer Arbitration Rules ("Rules") a part of their arbitration agreement when they have provided for arbitration by the American Arbitration Association ("AAA") and the arbitration agreement is within a consumer agreement. If no rules are specified, or there is a different set of AAA rules named in the arbitration agreement, these Rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA. To ensure that you have the most current information, see our website at www.adr.org.

**(b)** The AAA defines a consumer agreement as an agreement between an individual consumer and a business where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are

non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use.*

**(c)** The AAA will accept cases after the AAA reviews the parties' arbitration agreement and determines the agreement substantially and materially complies with the due process standards of the *Consumer Due Process Protocol*. If the agreement does not meet these standards, the AAA may decline to administer the case per Rule R-10(a)(iii). If the AAA proceeds with administration and a party disagrees on whether the agreement meets the *Consumer Due Process Protocol,* they can bring the issue to an arbitrator for a final decision. If the arbitrator finds that the agreement does not comply, the arbitrator has the authority to adjust the proceedings to ensure they meet the Rules, *Consumer Due Process Protocol*, and the terms of the arbitration agreement.

**(d)** The AAA has the initial authority to apply or not to apply these Rules. If a party disagrees with the AAA's decision, the objecting party must submit the objection by the due date for filing an answer to the demand for arbitration. If an objection is filed, the arbitrator shall have the authority to make the final decision on which AAA rules will apply.

**(e)** The parties may agree to modify these Rules but must do so in writing. If they want to make changes after the arbitrator is appointed, any changes may be made only with the approval of the arbitrator. Any changes still must follow the due process principles of the *Consumer Due Process Protocol.*

**(f)** Where no disclosed claim or counterclaim exceeds $25,000, the dispute shall be resolved by the submission of documents only/desk arbitration as provided in Procedure D-1(b) of the Procedures for the Resolution of Disputes through Document Submission, unless otherwise agreed by the parties or determined by the arbitrator.

** The AAA will apply the Employment/Workplace Rules to any dispute between an individual employee or an independent contractor (working or performing as an individual and not incorporated) and a business or organization and the dispute involves work or work-related claims, including any statutory claims and including work-related claims under independent contractor agreements. Should a contract call for the Consumer Rules, and the dispute is not between a consumer and a business, the AAA has the discretion to apply the Commercial Rules and Commercial Fee schedule.*

** The AAA will apply the Consumer Arbitration Fee Schedule to any dispute between an online marketplace or platform and an individual user or subscriber (using or subscribed to the service as an individual and not incorporated), and the dispute does not involve work or work-related claims.*

## R-2. Judicial Intervention

If, within 30 calendar days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 90 calendar days to permit the party to obtain an order regarding the arbitration from the court. The AAA may extend

that time period on its own initiative or at the request of a party for good cause shown. Any request by a party to extend the time period must be made before the expiration of the initial suspension or any approved extension.

## R-3. AAA Authority and Delegation of Duties

When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in the agreement of the parties and in these Rules and may be carried out through such of the AAA's representatives as it may direct. The AAA may, at its discretion, assign the administration of an arbitration to any of its offices. Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so.

## R-4. Filing Requirements and Procedures

**(a)** Filing Requirements

**i)** Arbitration under an arbitration agreement naming the AAA shall be initiated by the initiating party (referred to as the "claimant") filing with the AAA a Demand for Arbitration, the administrative filing fee, and a copy of the applicable arbitration agreement. The filing fee must be paid before a matter is considered properly filed.

**ii)** Arbitration pursuant to a court order shall be initiated by the initiating party filing with the AAA a Demand for Arbitration, the administrative filing fee, a copy of the court order, or a copy of any applicable arbitration agreement from the parties' contract, which provides for arbitration.

If the court order directs that a specific party is responsible for the filing fee, it is the responsibility of the filing party either to make such payment to the AAA and seek reimbursement as directed in the court order or to make other such arrangements so that the filing fee is submitted to the AAA with the Demand.

**iii)** Parties to an existing dispute who have agreed to arbitration administered by the AAA may commence an arbitration under these Rules by filing a written submission agreement and the administrative filing fee. To the extent that the parties' submission agreement differs from the procedures set forth in these Rules, those differences shall be clearly stated in the submission agreement.

**iv)** Information to be included with any arbitration filing includes:

**a)** The name of each party;

**b)** the address of each party and, if known, the telephone number and email address;

**c)** if applicable, the name, address, telephone number, and email address of any known representative for each party;

**d)** a statement setting forth the nature of the claim, including the relief sought and the amount involved;

**e)** the requested location of the hearing if an in-person hearing is requested;

**f)** a brief explanation of the dispute and specification of the amount of money in dispute, if applicable; and

**g)** a statement of the relief sought.

**v)** When filing a Demand, answer, or counterclaim, the parties are encouraged to provide sufficient detail to make the dispute clear to the arbitrator.

**vi)** Cases that do not meet these filing requirements will be returned and will not be considered to have been filed with the AAA. Such cases may be resubmitted with the necessary information, documents, and fees.

**(b)** Filing Procedures

**i)** The initiating party may file or submit a dispute to the AAA in the following manner:

**a)** through AAA WebFile®, located at www.adr.org; or

**b)** by filing the complete Demand or Submission with any AAA office, regardless of the intended locale of hearing, with payment to follow as directed by the AAA; or

**c)** by emailing the complete Demand or Submission to casefiling@adr.org, with payment to follow as directed by the AAA.

**ii)** The claimant must notify, in writing, the party or parties that the case is filed against (referred to as the "respondent") that it wishes to arbitrate a dispute and shall simultaneously provide a copy of the Demand and any supporting documents to the opposing party or parties. In the event the parties dispute which party or parties should be the claimant(s) and which party or parties should be the respondent(s), the AAA may make an initial determination, subject to a final determination by the arbitrator.

**iii)** Any documents, notices, or process necessary for the filing of an arbitration under this Rule may be served on a party:

**a)** by mail addressed to the party or its authorized representative at their last known address;

**b)** by electronic service/email, with the prior agreement of the party being served;

**c)** by personal service; or

**d)** by any other service methods provided for under the applicable

procedures of the courts of the state where the party to be served is located.

**iv)** The AAA shall provide notice to the parties (or their representatives if so named) of the receipt of the Demand or Submission when the administrative filing requirements have been satisfied. The date on which the filing requirements are satisfied shall establish the date of filing the dispute for administration. However, all disputes in connection with the AAA's determination of the date of filing may be decided by the arbitrator.

**(c)** Any dispute regarding whether a condition precedent has been met may be raised with the arbitrator for determination.

**(d)** The AAA has the authority to make an administrative determination whether the filing requirements set forth in this Rule have been met.

**(e)** The AAA shall have the discretion, subject to the final determination of an arbitrator once appointed, to administer multiple claims filed by the same party arising out of the same contract as a single case. The AAA shall have the discretion, subject to the final determination of an arbitrator once appointed, to require that multiple claims filed by the same party arising out of separate contracts be filed and administered as individual cases.

**(f)** Any decision made by the AAA regarding filing requirements and procedures shall not interfere with the arbitrator's authority to determine jurisdiction pursuant to Rule R-7.

## R-5. Answers and Counterclaims

**(a)** The respondent may submit a written response to the Demand, known as an "answer," within 14 calendar days of being requested by the AAA, copying all other parties to the arbitration.

**(b)** The respondent may also file a counterclaim, which is the respondent's Demand against the claimant. If the respondent files a counterclaim, the counterclaim must briefly explain the dispute, specify the amount involved, and the relief being sought. The claimant may file an answer or reply in response to the counterclaim with the AAA within 14 calendar days after the AAA sends notice of the filing of the counterclaim.

**(c)** If no answer is filed within 14 calendar days, the AAA will assume that the respondent does not agree with the claim filed by the claimant. The case will move forward after 14 calendar days, regardless of whether an answer is filed.

**(d)** If the respondent alleges that a different arbitration provision is controlling, the AAA will make an initial administrative determination regarding the controlling arbitration provision subject to a final determination by the arbitrator.

## R-6. Changes of Claim

**(a)** Once a Demand has been filed, any new claims or counterclaims, or changes to a claim or counterclaim, must be made in writing and sent to the AAA. The party making the new or different claim or counterclaim shall send a copy to the opposing party. As with the original Demand or counterclaim, a party shall have 14 calendar days from the date the AAA notifies the parties it received the new or different claim or counterclaim to file an answer with the AAA.

**(b)** If an arbitrator has already been appointed, a new or different claim or counterclaim may only be filed if the arbitrator allows it.

## R-7. Jurisdiction

**(a)** The arbitrator shall have the power to rule on their own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim.

**(b)** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not, for that reason alone, render invalid the arbitration clause.

**(c)** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the established due date for the filing of the answer to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## R-8. Interpretation and Application of Rules

The arbitrator shall interpret and apply these Rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator, and a difference arises among them concerning the meaning or application of these Rules, it shall be decided by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for a final decision.

## R-9. Small Claims Option for the Parties

**(a)** For claims within the jurisdictional limit of the appropriate small claims court, the parties may elect to waive arbitration and proceed in small claims court. Either party may choose to take their own claims directly to small claims court without first filing with the AAA.

**(b)** If a party files a claim with the AAA and that same party then notifies the AAA and the opposing party that they would prefer to proceed in small claims court, the AAA will administratively close the case.

**(c)** If the respondent requests that a claimant's claim filed with the AAA be decided in small claims court, the AAA will ask all parties to comment on this request. If the parties agree, the AAA will administratively close the case, and the parties may proceed to small claims court. If the parties disagree as to whether the claim is within the jurisdiction of small claims court, the issue will be submitted to the arbitrator.

## R-10. Declining or Ceasing Administration

**(a)** The AAA, in its sole discretion, may make the administrative determination to decline to accept a Demand for Arbitration, stop the administration of an ongoing arbitration, and/or decline to administer future cases from a party under the following circumstances:

- **i)** where a party or the party's representative fails to abide by the *American Arbitration Association-International Centre for Dispute Resolution Standards of Conduct for Parties and Representatives.*
- **ii)** where a party fails to submit payment of fees requested in accordance with the Rules or Consumer Arbitration Fee Schedule.
- **iii)** where the parties' consumer arbitration agreement does not comply with the *Consumer Due Process Protocol.*

**(b)** In the event the AAA makes the administrative determination to cease or decline administration of a case due to any of the reasons outlined in this Rule, the parties may choose to submit their dispute to the appropriate court.

## R-11. Mediation

During the AAA's administration of the arbitration or at any time while the arbitration is pending, the AAA may offer mediation to the parties, or the parties may request mediation. Unless otherwise agreed by the parties, mediation will be administered by the AAA and conducted pursuant to the applicable provisions of the AAA's Consumer Mediation Procedures. Absent an agreement of the parties to the contrary, the mediation shall take place concurrently with the arbitration and shall not serve to delay the arbitration proceedings. The parties shall confirm to the AAA the completion of any mediation. Unless agreed to by all parties and the neutral, the mediator and arbitrator shall not be the same individual.

## R-12. Business Notification and Publicly Accessible Consumer Clause Registry

**(a)** A business that provides for or intends to provide for arbitration pursuant to these Rules or another set of AAA rules in a consumer contract (as defined in Rule R-1(b)) should register its consumer arbitration clause with the publicly accessible AAA Consumer Clause Registry.

**(b)** Upon receiving the arbitration agreement, the AAA will review the agreement for material compliance with due process standards contained in the *Consumer Due Process Protocol*. The AAA's review of a consumer arbitration clause and determination of whether to administer arbitrations pursuant to that clause is only an administrative determination by the AAA and cannot be relied upon or construed as a legal opinion or advice regarding the enforceability of the arbitration clause. There is a nonrefundable review fee, detailed in the Consumer Arbitration Fee Schedule, to register a clause.

**(c)** Any subsequent changes, additions, deletions, or amendments to a currently registered arbitration agreement must be resubmitted for review, and a review fee may be assessed at that time. The AAA will decline to administer consumer arbitrations arising from that arbitration agreement where the business fails to pay the review fee. Any different arbitration agreements of the same business or its subsidiaries must be submitted for review and are subject to the current review fee.

**(d)** After the AAA reviews the submitted consumer clause, receives the Registry fee, and determines it will administer consumer-related disputes filed pursuant to the clause, the business will be included on the Registry. To register a consumer arbitration clause or for more information concerning the Consumer Clause Registry, please visit: www.adr.org/clauseregistry.

**(e)** The Registry also has an annual nonrefundable fee for the business' arbitration agreement(s). If a business declines to pay the annual Registry fee, the business will be removed from the Registry. As a result, the AAA will decline to administer consumer arbitrations arising from that arbitration agreement. Charging an expedited review fee as an alternative is not permissible.

**(f)** If a business does not submit its arbitration agreement for review prior to an arbitration being filed under that clause, the AAA will conduct an expedited review for the specific arbitration case. In addition to any standard filing fees that are owed for that case, the business also will be responsible for paying a one-time, nonrefundable expedited review fee, which is detailed in the Consumer Arbitration Fee Schedule. Subsequent registration of the agreement with the Registry requires a separate review and fee. The AAA will decline to administer consumer arbitrations arising out of that arbitration agreement if the business declines to pay the fees and waive any provision that the AAA determines does not comply with the *Consumer Due Process Protocol*.

## R-13. Administrative Conference with the AAA

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative of the AAA and the parties and/or their representatives. The purpose of the administrative conference is to organize and expedite the arbitration, explore its administrative aspects, establish the most efficient means of selecting an arbitrator, and consider mediation or other non-binding processes as a dispute resolution option. There is no administrative fee for this service.

## R-14. Fixing of Locale

**(a)** The parties may mutually agree on the locale where the arbitration is to be held.

**(b)** If an in-person hearing will be held, and the parties disagree as to the locale, the AAA may initially determine the place of arbitration, subject to the power of the arbitrator, after their appointment, to make a final determination on the locale.

**(c)** Any disputes regarding the locale that are to be decided by the AAA must be submitted to the AAA and all other parties within 14 calendar days after the AAA sends notice of the filing of the Demand or by the date established by the AAA. Disputes regarding locale shall be determined in the following manner:

- **i)** When the parties' arbitration agreement is silent or ambiguous with respect to locale, and if the parties disagree as to the locale, the AAA shall initially determine the locale of arbitration, subject to the power of the arbitrator after appointment to make a final determination on the locale.
- **ii)** If the parties' arbitration agreement specifies more than one possible locale, the filing party may select any of the specified locales at the time of filing, subject to the power of the arbitrator to determine the locale.

## R-15. Number and Appointment of Neutral Arbitrators

**(a)** If the arbitration agreement does not specify the number of arbitrators or the parties do not agree otherwise, the dispute shall be heard and determined by one arbitrator. The use of terms such as "the arbitrator," "an arbitrator," or "the arbitrators" in the arbitration agreement, without further specifying the number of arbitrators, shall not be deemed by the AAA to reflect an agreement as to the number of arbitrators.

**(b)** The AAA maintains a National Roster of Arbitrators ("Roster") and shall appoint arbitrators from this Roster to resolve the parties' dispute(s).

**(c)** If the parties have not appointed an arbitrator and have not agreed to a process for appointing the arbitrator, the AAA will administratively appoint an arbitrator from the Roster.

**(d)** If the parties' arbitration agreement provides for three or more arbitrators, and

the parties have not appointed the arbitrators and have not agreed to a process for appointing the arbitrators, the AAA will administratively appoint the arbitrators from the Roster. One arbitrator will be designated as the panel chairperson. Such designation will be according to the terms of the parties' arbitration agreement. However, if the parties' arbitration agreement does not specify how the chairperson is to be selected, the chairperson can be designated, at the AAA's discretion, by the parties, the panel, or the AAA.

**(e)** Arbitrator(s) serving under these Rules will be neutral and must meet the standards of Rule R-17(a) with respect to being impartial and independent.

## R-16. Disclosures

**(a)** Any person appointed or to be appointed as an arbitrator, as well as the parties and their representatives, shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration. Failure on the part of a party or a representative to comply with the requirements of this Rule may result in the waiver of the right to object to an arbitrator in accordance with Rule R-39.

**(b)** Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

**(c)** Disclosure of information pursuant to this Rule R-16 is not an indication that the arbitrator considers the disclosed circumstance likely to affect impartiality or independence.

## R-17. Disqualification of Arbitrator

**(a)** Any arbitrator shall be impartial and independent and shall perform their duties carefully and in good faith, and shall be subject to disqualification for:

- **i)** partiality or lack of independence;
- **ii)** inability or refusal to perform their duties with diligence and in good faith; or
- **iii)** any grounds for disqualification provided by applicable law.

**(b)** Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above and shall inform the parties of its decision, which shall be final.

## R-18. Vacancies

**(a)** If, for any reason, an arbitrator is unable or unwilling to perform the duties of

the office, the AAA may declare the office vacant. Vacancies shall be filled in accordance with applicable provisions of these Rules.

**(b)** In the event of a vacancy in a panel of neutral arbitrators, after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy unless the parties agree otherwise.

## R-19. Preliminary Hearing

**(a)** As promptly as practicable after the appointment of the arbitrator, a preliminary hearing may be held among the parties and/or their representatives and the arbitrator. The preliminary hearing will be conducted via conference call unless the arbitrator determines that it shall be held by video conference.

**(b)** During the preliminary hearing, the parties and the arbitrator shall discuss the future conduct of the case, including clarification of issues and claims, scheduling of the hearings, prehearing exchange of information, and any other preliminary matters as appropriate to achieve a fair, efficient, and economical resolution of the dispute.

**(c)** The arbitrator shall promptly issue written orders that state the arbitrator's decisions made during or as a result of the preliminary hearing. The arbitrator may also conduct additional preliminary hearings if the need arises.

## R-20. Exchange of Information

**(a)** The arbitrator shall manage any necessary exchange of information among the parties, including depositions, interrogatories, document production, or by other means, with a view to achieving an efficient and economical resolution of the dispute while, at the same time, promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses.

**(b)** The parties shall:

**i)** exchange documents in their possession or custody on which they intend to rely;

**ii)** update their exchanges of documents on which they intend to rely as such documents become known to them;

**iii)** identify the witnesses, if any, they plan to have testify at the hearing.

**(c)** The arbitrator may, on application of a party or on the arbitrator's own initiative:

**i)** require the parties, in response to reasonable document requests, to make available to the other party documents in the responding party's possession or custody not otherwise readily available to the party seeking the documents and reasonably believed by the party seeking the documents to exist and to be relevant and material to the outcome of disputed issues;

**ii)** require the parties, when documents to be exchanged or produced are

maintained in electronic form, to make such documents available in the form most convenient and economical for the party in possession of such documents, unless the arbitrator determines that there is good cause for requiring the documents to be produced in a different form. The parties should attempt to agree in advance upon, and the arbitrator may determine, reasonable search parameters to balance the need for production of electronically stored documents relevant and material to the outcome of disputed issues against the cost of locating and producing them;

**iii)** require such other forms of information exchange as the arbitrator deems necessary.

**(d)** The AAA does not require notice of the exchange of information matters and communications unless a dispute arises. At that time, the parties shall notify the AAA of the dispute and any meet and confer efforts so that it may be presented to the arbitrator for determination. The arbitrator has the authority to resolve any disputes between the parties about exchanging information.

## R-21. Enforcement Powers of Arbitrator

The arbitrator shall have the authority to issue any orders necessary to enforce the provisions of Rules R-19 and R-20, and any other rule or procedure, and to otherwise achieve a fair, efficient, and economical resolution of the case, including, without limitation:

**(a)** conditioning any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing, on appropriate orders to preserve such confidentiality;

**(b)** imposing reasonable search parameters for electronic and other documents if the parties are unable to agree;

**(c)** allocating costs of producing documents, including electronically stored documents;

**(d)** in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance; and

**(e)** issuing any other enforcement orders that the arbitrator is empowered to issue under applicable law.

## R-22. Date, Time, Place, and Method of Hearing

The arbitrator shall set the date, time, place, and method for each hearing. The hearing shall be held virtually or by other means as approved by the

arbitrator unless otherwise agreed to by the parties, or the arbitrator decides, upon application of a party, that the hearing shall be in person. The parties shall respond to requests for hearing dates in a timely manner, cooperate in scheduling the earliest practicable hearing date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 calendar days in advance of the hearing date unless otherwise agreed by the parties.

## R-23. Attendance at Hearings

The arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides to the contrary. The arbitrator shall have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. The arbitrator shall have the discretion to determine the propriety of the attendance of any other person.

## R-24. Representation

**(a)** Any party may participate without representation (self-represented), or by counsel, or any other representative of the party's choosing, unless such choice is prohibited by applicable law. A party intending to be so represented shall notify the other party and the AAA of the name, telephone number, address, and email address of the representative at least seven (7) calendar days prior to the date set for the hearing at which that person is first to appear. When such a representative initiates an arbitration or responds for a party, notice is deemed to have been given.

**(b)** While parties do not need an attorney to participate in arbitration, arbitration is a final, legally binding process that may impact a party's rights. As such, parties may want to consider consulting an attorney. For resources that may help a party find an attorney or legal help, please visit our website at www.adr.org.

**(c)** A representative may withdraw by filing a notice of withdrawal with the AAA, the arbitrator, and all parties. Such notice must include the name and contact information of any new representative or current contact information for the party. After the appointment of the arbitrator, the arbitrator may decide any disputes regarding whether an attorney may withdraw.

## R-25. Oaths

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses

to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## R-26. Official Record of Proceedings

**(a)** Any party desiring a transcribed record of a hearing shall make arrangements directly with a transcriber or transcription service and shall notify the arbitrator and the other parties of these arrangements at least seven (7) calendar days in advance of the hearing. The requesting party or parties shall pay the cost of the record.

**(b)** No other means of recording any proceeding will be permitted absent the agreement of the parties or per the direction of the arbitrator.

**(c)** If the transcript or any other recording is agreed by the parties or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties at the direction of the arbitrator.

**(d)** The arbitrator may resolve any disputes with regard to apportionment of the costs of the transcription or other recording.

## R-27. Interpreters

If a party wants an interpreter present for any part of the process, that party must make arrangements directly with the interpreter and shall pay for the costs of the service.

## R-28. Extensions of Time and Postponements

**(a)** The parties may modify by mutual agreement any period of time established by these Rules or the parties' arbitration agreement. The AAA or the arbitrator may, for good cause, extend any period of time established by these Rules, except as set forth in Rule R-44. The AAA shall notify the parties of any extension.

**(b)** The arbitrator, for good cause shown, may grant a postponement upon agreement of the parties, the request of a party, or the arbitrator's own initiative.

## R-29. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of the award.

## R-30. Conduct of Proceedings

**(a)** The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

**(b)** The arbitrator, exercising their discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings, and direct the parties to focus their presentations on issues that could dispose of all or part of the case.

**(c)** The arbitrator may also allow for some or all of the presentation of evidence by alternative means, including video, audio, or other electronic means other than an in-person presentation. Such alternative means must afford a full opportunity for all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and, when involving witnesses, provide an opportunity for cross-examination.

**(d)** The parties may agree to waive oral hearings in any case and may also agree to utilize the Procedures for the Resolution of Disputes through Document Submission.

## R-31. Motions

**(a)** The arbitrator has the sole discretion to allow or deny the filing of a written motion, and the arbitrator's decision is final.

**(b)** Where a party seeks to file a dispositive motion, the arbitrator may allow the filing of, and make rulings upon, a dispositive motion only if the arbitrator determines the moving party has shown that the motion is likely to succeed and to dispose of or narrow the issues in the case.

**(c)** Consistent with the goal of achieving an efficient and economical resolution of the dispute, the arbitrator shall consider the time and cost associated with the briefing of a dispositive motion in deciding whether to allow any such motion.

## R-32. Evidence

**(a)** The parties may offer relevant and material evidence and must produce any evidence the arbitrator decides is necessary to understand and decide the dispute. Following the legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of the arbitrator and all of the parties unless any of the parties is absent, in default, or has waived the right to be present.

**(b)** The arbitrator shall determine what evidence will be admitted, what evidence

is relevant, and what evidence is material to the case. The arbitrator may also exclude evidence that the arbitrator decides is cumulative or not relevant.

**(c)** The arbitrator shall consider applicable principles of legal privilege, such as those that involve the confidentiality of communications between a lawyer and a client.

**(d)** An arbitrator or other person authorized by law to subpoena witnesses or documents may do so at the request of any party. If a party requests the arbitrator sign a subpoena, that party shall copy the request to the other parties in the arbitration at the same time it is provided to the arbitrator.

**(e)** If a witness whose testimony is represented by a party to be essential is unable or unwilling to testify at the hearing, either in person or through electronic or other means, either party may request that the arbitrator order the witness to appear in person for examination before the arbitrator at a time and location where the witness is willing and able to appear voluntarily or can legally be compelled to do so. Any such order may be conditioned upon payment by the requesting party of all reasonable costs associated with such examination.

## R-33. Written Statements and Post-Hearing Evidence

**(a)** The arbitrator may receive and consider the evidence of witnesses by written statements rather than in-person testimony but will give this evidence only such credence as the arbitrator decides is appropriate. The arbitrator will consider any objection to such evidence made by the opposing party.

**(b)** If the parties agree or the arbitrator decides that documents or other evidence need to be submitted to the arbitrator after the hearing, those documents or other evidence will be filed with the AAA so that they can be sent to the arbitrator. All parties will be given the opportunity to review and respond to these documents or other evidence.

## R-34. Inspection or Investigation

**(a)** An arbitrator finding it necessary to inspect property or conduct an investigation in connection with the arbitration will request that the AAA so inform the parties.

**(b)** The arbitrator will set the date and time of the inspection or investigation, and the AAA will notify the parties. Any party who would like to be present at the inspection or investigation may attend. If one or all parties are not present at the inspection or investigation, the arbitrator will make an oral or written report to the parties and allow them an opportunity to comment.

## R-35. Interim Measures

**(a)** The arbitrator may grant whatever interim measures they decide are necessary, including granting an injunction and ordering that property be protected.

**(b)** Such interim measures may take the form of an interim award, and the arbitrator may require a security payment for the costs of such measures.

**(c)** When making a decision on an interim measure, the arbitrator may grant any remedy, relief, or outcome that the parties could have received in court.

**(d)** A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

## R-36. Documents-Only Procedure

Disputes may be resolved by submission of documents and without an oral evidentiary hearing process involving virtual, in-person, or telephonic hearings. For cases being decided by the submission of documents only (sometimes referred to as a "desk arbitration"), the Procedures for the Resolution of Disputes through Document Submission (found at the end of these Rules) shall supplement these Rules.

## R-37. Closing of Hearing

**(a)** The arbitrator must specifically ask all parties whether they have any further proofs to offer or witnesses to be heard. When the arbitrator receives negative replies, or if they are satisfied that the record is complete, the arbitrator will declare the hearing closed.

**(b)** If briefs or other written documentation is to be filed by the parties, the hearing shall be declared closed as of the date the arbitrator is satisfied that the record is complete, and such date shall occur no later than seven (7) calendar days from the date of receipt of the last such submissions or hearing transcript. Absent agreement of the parties, the time that the arbitrator has to make the award begins upon the closing of the hearing.

## R-38. Reopening of Hearing

If a party requests that the hearings be reopened, and the arbitrator approves, or if the arbitrator decides to reopen the hearing on their own initiative, the hearing may be reopened at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the arbitration agreement, the matter may not be reopened unless the parties agree to an extension of time. If the arbitrator reopens the hearing, they

will have 30 calendar days, or 14 calendar days if a documents-only procedure, from the closing of the reopened hearing within which to make an award.

## R-39. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been followed and who fails to state objections in writing shall be deemed to have waived the right to object.

## R-40. Serving of Notice

Except as provided in Rule R-4(b)(iii) for serving the filing of an arbitration, any documents or notices necessary for the continuation of an arbitration under these Rules may be served on a party by mail or email addressed to the party or its representative at the last-known address, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party. The AAA and the arbitrator have the discretion to direct the use of any other methods of communication during the case.

## R-41. Communications

**(a)** Neither a party nor its representative may communicate in any way with an arbitrator or a potential arbitrator about the arbitration outside of the presence of the other parties to the arbitration. Any communications between the parties and the arbitrator shall be conducted through the AAA.

**(b)** All written communications addressed to the AAA or to the arbitrator shall be sent at the same time to all parties to the arbitration unless the AAA or arbitrator directs otherwise.

**(c)** The failure of a party or its representative to adhere to these guidelines may prevent the AAA or the arbitrator from acting on any requests or objections contained within those communications.

**(d)** The AAA may initiate administrative communications with the parties or their representatives either jointly or individually.

## R-42. Confidentiality

**(a)** Unless otherwise required by applicable law, court order, or the parties' agreement, the AAA and the arbitrator shall keep confidential all matters relating to the arbitration or the award.

**(b)** Upon the agreement of the parties or the request of any party, the arbitrator may make orders concerning the confidentiality of the arbitration proceedings and may take measures for protecting trade secrets and confidential information.

**(c)** The AAA may choose to publish an award rendered under these Rules; however, the names of the parties and witnesses will be removed from awards that are published.

## R-43. Majority Decision

**(a)** When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement or section (b) of this Rule, a majority of the arbitrators must make all decisions, including the final award.

**(b)** Where there is a panel of three arbitrators, absent an objection of a party or another member of the panel, the chairperson of the panel is authorized to resolve any disputes related to the exchange of information or procedural matters without the need to consult the full panel.

**(c)** Absent an objection of a party or another member of the panel, the chairperson may sign any order on behalf of the panel.

## R-44. Time of Award

The award shall be issued promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 calendar days from the date the hearing is closed or, if the case is a documents-only procedure, 14 calendar days. The AAA may extend the time limit for the rendering of the award only in unusual and extreme circumstances.

## R-45. Form of Award

**(a)** Any award shall be in writing and signed by a majority of the arbitrators. Signatures may be executed in electronic or digital form. The award shall be executed in the form and manner required by law.

**(b)** The award shall provide a brief written explanation for the decision unless the parties all agree otherwise. Any disagreements over the form of the award shall be decided by the arbitrator. If the parties agree to a different form of award, they must so agree in writing prior to the close of the hearings.

## R-46. Scope of Award

**(a)** The arbitrator may grant any remedy, relief, or outcome that the parties could have received in court, including awards of attorney's fees and costs, in accordance with applicable law.

**(b)** In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards.

**(c)** In any interim, interlocutory, or partial award, the arbitrator may, and in the final award shall, assess the administrative fees, arbitrator compensation, and expenses provided in Rules R-52, R-53, and R-54. The arbitrator may only award administrative fees, arbitrator compensation, or expenses to a business as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim against the business was filed for purposes of harassment or is patently frivolous.

## R-47. Award upon Settlement

**(a)** If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent award." A consent award must include an allocation of arbitration costs, including administrative fees and expenses, as well as arbitrator compensation and expenses as set forth in Rule R-46(c).

**(b)** Consent awards will not be made available to the public per Rule R-42(c) unless the parties agree otherwise.

## R-48. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the transmittal of the award in the same manner that the AAA has used to communicate with the parties throughout the case, including electronic transmission of the award or any other manner that is permitted by law.

## R-49. Modification of Award

**(a)** Within 20 calendar days after the transmittal of an award, the arbitrator, on their initiative, or any party, upon notice to the other parties, may request that the arbitrator, through the AAA, clarify the award or correct any clerical, typographical, technical, or computational errors in the award. In clarifying the award or correcting clerical, typographical, technical, or computational errors in it, the arbitrator is not empowered to re-determine the merits of any claim already decided.

**(b)** The opposing parties shall be given 10 calendar days to respond to the request. The arbitrator shall make a decision on the request within 20 calendar days after the AAA transmits the request and any responses to the arbitrator.

**(c)** If applicable law provides a different procedural time frame, that procedure shall be followed.

## R-50. Release of Documents

The AAA shall, upon the written request of a party to the arbitration, furnish to that party, at its expense, copies or certified copies of documents in the AAA's possession that are not determined by the AAA to be privileged or confidential.

## R-51. Applications to Court and Exclusion of Liability

**(a)** No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

**(b)** Neither the AAA nor any arbitrator in a proceeding under these Rules is a necessary or proper party in any judicial proceedings relating to the arbitration.

**(c)** Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

**(d)** Parties to an arbitration under these Rules shall be deemed to have consented that neither the AAA, AAA employees, nor any arbitrator shall be liable to any party in any action for damages, or injunctive or other relief, for any act or omission in connection with any arbitration under these Rules.

**(e)** Parties to an arbitration under these Rules may not call the arbitrator, the AAA, or AAA employees as a witness in litigation or any other proceeding relating to the arbitration. The arbitrator, the AAA and AAA employees are not competent to and may not testify as witnesses in any such proceeding.

## R-52. Administrative Fees

As a not-for-profit organization, the AAA charges fees to compensate it for the cost of providing administrative services. The fee schedule in effect when the case is filed shall apply for all fees charged during the administration of the case. The AAA may, in the event of the consumer's extreme hardship, waive the consumer's administrative fees.

AAA fees shall be paid in accordance with the Consumer Arbitration Fee Schedule, found on our website at www.adr.org.

## R-53. Neutral Arbitrator's Compensation

**(a)** Arbitrators serving under these Rules shall be compensated at a rate established by the AAA.

**(b)** Any arrangement for the compensation of an arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

**(c)** Arbitrator compensation shall be paid in accordance with the Consumer Arbitration Fee Schedule.

## R-54. Expenses

**(a)** Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

**(b)** All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne in accordance with the Consumer Arbitration Fee Schedule.

## R-55. Deposits

**(a)** The AAA may require deposits in advance of any hearings of such sums of money as it deems necessary to cover the expenses of the arbitration, including the arbitrator's compensation, and shall render an accounting and return any unexpended balance at the conclusion of the case. A party's failure to make the requested deposits by the date established by the AAA may result in the AAA or the arbitrator taking any appropriate steps, as set forth in Rule R-56.

**(b)** Deposit amounts requested will be based on estimates provided by the arbitrator. The arbitrator will determine the estimated amount of deposits using the information provided by the parties with respect to the complexity of each case.

**(c)** The AAA shall request from the arbitrator an itemization or explanation for the arbitrator's request for deposits.

**(d)** The AAA will establish due dates for the collection of those deposits.

## R-56. Remedies for Nonpayment

**(a)** If arbitrator compensation or administrative fees have not been paid in full, the AAA may inform the parties so that one of them may forward the required payment.

**(b)** Once the AAA informs the parties that payments have not been received, a party may request an order from the arbitrator directing what measures might be taken in light of a party's nonpayment. Such measures may include limiting a party's ability to assert or pursue its claim and prohibiting a non-paying party from filing any motion. However, a party shall never be precluded from defending a claim or counterclaim. The arbitrator must provide the party opposing a request for relief with the opportunity to respond prior to making any determination. In the event that the arbitrator grants any request for relief that limits any party's participation in the arbitration, the arbitrator will require the party who is making a claim and who has made appropriate payments to submit the evidence required to make an award.

**(c)** Upon receipt of information from the AAA that full payments have not been received, the arbitrator, on the arbitrator's own initiative, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

**(d)** If arbitrator compensation or AAA administrative fees remain unpaid after a determination to suspend an arbitration due to nonpayment, the arbitrator has the authority to terminate the proceedings. Such an order shall be in writing and signed by the arbitrator.

**(e)** If arbitrator compensation or AAA administrative fees remain unpaid and no arbitrator has yet been appointed, the AAA may terminate the proceedings. Such determination shall be in writing and provided to the parties. Nonpayment of the Consumer Clause Registry fee will result in the removal of the business from the "Registered" section of the Registry.

**(f)** Where the AAA determines that a business's failure to pay its portion of arbitration costs is a violation of these Rules, the AAA may decline to administer future consumer arbitrations with that business.

## R-57. Sanctions

**(a)** The arbitrator may, upon a party's request, order appropriate sanctions against a party that has failed to comply with its obligations under these Rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or results in an adverse determination of an issue or issues, the arbitrator shall explain that order in writing and shall require the submission of evidence and legal argument prior to making of an award. The arbitrator may not enter a default award as a sanction.

**(b)** The arbitrator must provide a party that is subject to a sanction request with the opportunity to respond prior to making any determination regarding the sanctions application.

## R-58. Appeals

If the parties' arbitration agreement provides for the appeal of an arbitration award, the AAA will administer the appellate arbitration process only if it complies with the Consumer Due Process Protocol and the filing fees and arbitrator compensation in connection with the appellate arbitration process are borne and allocated in accordance with the Consumer Arbitration Fee Schedule. In such cases, the AAA will administer the appellate arbitration process pursuant to these Rules.

# Procedures for the Resolution of Disputes through Document Submission

## D-1. Applicability

**(a)** In any case, regardless of claim size, the parties may agree to waive virtual, in-person, and telephonic evidentiary hearings and resolve the dispute through the submission of documents to one arbitrator. Such agreement shall be confirmed in writing no later than the deadline for the filing of an answer.

**(b)** Where no disclosed claim or counterclaim exceeds $25,000, the dispute shall be resolved by these Procedures for the Resolution of Disputes through Document Submission (Procedures) unless a party requests a hearing and the arbitrator decides that a hearing is necessary.

**(c)** If there is a disagreement regarding the applicability of these Procedures, the arbitrator shall decide.

**(d)** When parties agree to these Procedures, the procedures in Procedures D-1 through D-3 shall supplement other portions of these Rules that are not in conflict with the Procedures.

## D-2. Preliminary Hearing

Upon receipt of the Case Management Fee and any other requested fees, the AAA will send notice to the parties and the arbitrator of the scheduling of the preliminary hearing. The preliminary hearing will be conducted via telephone unless the arbitrator determines that it shall be held by videoconference.

## D-3. Time of Award

**(a)** The arbitrator shall establish the date for final written submissions. As of the date the arbitrator is satisfied that the record is complete, the arbitrator will declare the hearing closed. Such date shall not be later than seven (7) calendar days from the date of receipt of the final written submissions.

**(b)** The arbitrator shall render the award within 14 calendar days from the date the hearing is closed.

**(c)** The award is subject to all other provisions of these Rules that pertain to awards.

## Administrative Fees for Consumer Arbitration Cases

**FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT www.adr.org.**

## Consumer Mediation Procedures

### M-1. Agreement of the Parties

If the parties' contract provides that the American Arbitration Association (AAA) administers mediation or that they follow these Consumer Mediation Procedures, then they agree that the AAA administers mediation and to follow the Consumer Mediation Procedures that are in place at the time a party submits a Request for Mediation.

Similarly, if the parties agree after a dispute arises to have the AAA administer mediation or to follow these Consumer Mediation Procedures, then they agree that the AAA administers mediation and to follow the Consumer Mediation Procedures that are in place at the time a party submits a Request for Mediation.

### M-2. Initiation of Mediation

Any party involved in a dispute can start the mediation process by submitting a Request for Mediation online through AAA WebFile at www.adr.org. The party who submits a Request for Mediation is known as the initiating party. The initiating party must also notify the other party or parties of the request at the same time. Additionally, as part of the Request for Mediation, the initiating party must provide the following information to the AAA and the other party or parties, as applicable:

**Mediation Agreement or Stipulation**

A copy of the mediation clause from the parties' contract or a written agreement to mediate.

**(1)** Contact Information

- Names, email addresses (if available), and phone numbers of all parties involved in the dispute, including representatives (if any).

**(2)** Nature of the Dispute

- A summary outlining the key issues in the dispute.

**(3)** Mediator Qualifications

- Any specific skills, experience, or qualifications the mediator should have.

**Requesting Mediation Without a Preexisting Agreement**

If there is no prior agreement or contract clause requiring mediation for current or future disputes within the Request for Mediation, a party may ask the AAA to invite the other party or parties to participate in mediation. Upon receiving such a request, the AAA will contact the other parties involved to seek their agreement to mediate.

## M-3. Representation

Any party may participate without a lawyer (self-represented), with a lawyer, or with a non-lawyer unless such choice is prohibited by applicable law. A party intending to participate with a lawyer or non-lawyer must notify the other party and the AAA of the name, telephone number, and email address, if available, of the lawyer or non-lawyer.

## M-4. Selection of the Mediator

Parties may search the online profiles of the AAA's Panel of Mediators in an effort to agree on a mediator. If the parties have not agreed to a mediator at the time a party submits a Request for Mediation and have not provided any other method for mediator selection, the AAA will select the mediator.

## M-5. Mediator's Impartiality and Duty to Disclose

Mediators must abide by the Model Standards of Conduct for Mediators. The Standards require mediators to decline a mediation if the mediator cannot conduct it impartially. Impartiality means freedom from favoritism, bias, or prejudice. Mediators must also disclose, as soon as practicable, all actual and potential conflicts of interest that are reasonably known to the mediator and could reasonably be seen as raising a question about the mediator's impartiality.

Before accepting an appointment, the mediator must make a reasonable inquiry to determine whether there are any facts that a reasonable person would consider likely to create a potential or actual conflict of interest for the mediator. The mediator must let the AAA know of any circumstance likely to make the mediator seem biased. The mediator must also let the AAA know of any circumstances that would prevent a resolution of the parties' dispute within the parties' desired timeframe. If a mediator lets the AAA know about such circumstances, the AAA will immediately inform the parties and ask the parties for their comments.

When the AAA informs the parties of the mediator's actual or potential conflicts of interest, the parties may decide to proceed with the mediation. However, if a party does not agree to continue with that mediator, the mediator will be replaced.

## M-6. Vacancies

If the mediator becomes unwilling or unable to serve, the AAA will select another mediator unless the parties agree otherwise.

## M-7. Duties and Responsibilities of the Mediator

**(1)** The mediator will conduct the mediation based on the principle of party self-determination. Self-determination is coming to a voluntary, uncoerced decision in which each party makes free and informed choices as to process and outcome.

**(2)** The mediator is authorized to conduct separate meetings and have separate communications with the parties and/or their representatives.

**(3)** The mediator will set the date and time for each mediation session. The mediation will take place by video, telephone, or other electronic means.

**(4)** Before the mediation session, the mediator may request pre-mediation statements from the parties or their lawyers. Pre-mediation statements educate the mediator on the key factual and legal disputes between the parties. The mediator may request the pre-mediation statements include issues in the dispute, including the parties' underlying interests and the history of the parties' negotiations.

The mediator may limit the number of pages for the parties' pre-mediation statements or decide that pre- mediation statements are unnecessary. The mediator may also ask that the parties share their pre-mediation statements with one another. If the parties exchange pre-mediation statements, they may send the mediator any information they wish to keep confidential in a separate communication.

**(5)** The mediator does not have the authority to impose a settlement on the parties but will attempt to help them resolve their dispute. The mediator may make oral or written recommendations for settlement to a party privately or, if the parties agree, to all parties jointly.

**(6)** If complete settlement of all or some issues in dispute is not achieved within the scheduled mediation session(s), at the discretion of the mediator, the mediator may continue to communicate with the parties for a period of time to attempt to facilitate a complete settlement.

**(7)** The mediator is not a legal representative of any party, and no attorney-client relationship exists between a party and the mediator.

## M-8. Responsibilities of the Parties

The parties are encouraged to exchange all documents pertinent to the claim.

Each party will ensure that a person with authority to settle the case attends the mediation. Before and during the scheduled mediation session(s), the parties and their representatives will exercise their best efforts to prepare for and engage in a meaningful and productive mediation.

The parties must respond to requests for mediation dates in a timely manner, be cooperative in scheduling the earliest possible date, and keep to the established schedule. The AAA will notify the parties of the mediation session before the date when timing permits.

## M-9. Privacy

Mediation sessions and related mediation communications are private proceedings. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of all parties and with the consent of the mediator.

## M-10. Confidentiality

Subject to applicable law or the parties' agreement, the mediator will not share confidential information disclosed to the mediator by the parties or by other participants in the course of the mediation. The mediator will maintain the confidentiality of all information obtained in the mediation. All records, reports, or other documents the mediator received while serving in that capacity will be confidential.

The mediator will not be forced to share such records or to testify in regard to the mediation in any arbitral, judicial, or other proceeding.

The parties will maintain the confidentiality of the mediation. They will not rely on or introduce as evidence in any arbitral, judicial, or other proceeding the following unless agreed to by all parties or required by applicable law:

**(1)** Views expressed or suggestions made by a party or other participant with respect to a possible settlement of the dispute;

**(2)** Admissions made by a party or other participant in the course of the mediation proceedings;

**(3)** Proposals made or views expressed by the mediator; or

**(4)** The fact that a party had or had not indicated a willingness to accept a proposal for settlement made by the mediator.

## M-11. No Written Record

There will be no written record of the mediation process other than a settlement agreement entered into by all parties to the mediation.

## M-12. Termination of Mediation

The mediation will be terminated:

**(1)** By the execution of a settlement agreement by the parties; or

**(2)** By the mediator's written or verbal statement that further efforts at mediation would not result in a resolution of the parties' dispute; or

**(3)** By a written or verbal statement by all parties that the mediation proceedings are terminated; or

**(4)** When there has been no communication between the mediator and any party or party's representative for 21 days after the end of the last mediation session.

## M-13. Exclusion of Liability

**(1)** Neither the AAA nor any mediator is a necessary or proper party in judicial proceedings relating to the mediation.

**(2)** Neither the AAA nor any mediator shall be liable to any party for any error, act, or omission in connection with any mediation conducted under these procedures.

**(3)** Parties to a mediation under these procedures may not call the mediator, the AAA, or AAA employees as witnesses in litigation or any other proceeding relating to the mediation. The mediator, the AAA, and AAA employees are not competent to testify as witnesses in any such proceeding.

## M-14. Interpretation and Application of Procedures

The mediator will interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures will be interpreted and applied by the AAA.

## M-15. Deposits

The AAA will require the parties to send a deposit covering the mediator's expected costs and expenses before the mediation begins, unless the mediator gives different instructions. The AAA will consult with the mediator to determine the deposit amount needed for parties to cover the mediator's expected costs and expenses. When the mediation ends, the AAA will render an accounting to the parties and return any unused amounts.

## M-16. Expenses

The business will pay all mediation expenses unless the parties agree otherwise. This includes required travel and other expenses, as well as mediator fees. The expenses of participants for either side will be paid by the party requesting the attendance of such participants.

## M-17. Costs of Mediation

FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT www.adr.org.

*© 2025 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association® (AAA®) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.*

American Arbitration Association®

800.778.7879 | websitemail@adr.org | adr.org